UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flsb.uscourts.gov

In re:

DEADWORDS BREWING COMPANY, LLC,

    Debtor.

_____/

Case No. 6:23-bk-04117-GER
Chapter 11

**FAYGE S. COHEN'S MOTION FOR RELIEF FROM STAY
AND MOTION FOR ORDER DEEMING UNEXPIRED LEASE
REJECTED AND COMPELLING IMMEDATE TURNOVER OF PROPERTY**

**EXPEDITED HEARING REQUESTED**

Fayge S. Cohen ("Landlord"), by and through her undersigned counsel, pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a), hereby files this Motion for Relief from Stay and, in addition moves for entry of an Order deeming Landlord's Lease rejected and pursuant to 11 U.S.C. § 365(d)(4) and compelling the immediate turn over the nonresidential real property of the Landlord (the "Motion"). Landlord further requests an expedited preliminary hearing on this Motion on or before February 16, 2024. In support, Landlord states as follows:

**PARTIES AND JURISDICTION**

1. This Court has jurisdiction of the parties and the subject matter pursuant to the Bankruptcy Code, 11 U.S.C. §§ 101 *et* seq. (the "Bankruptcy Code"), 28 U.S.C. §§ 1334 & 157(a), and the standing order of reference entered by the District Court. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 (b)(2)(A) and (G). Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

1

**FACTUAL BACKGROUND**

2.    On October 2, 2023 (the "Petition Date"), Deadwords Brewing Company, LLC (the "Debtor"), filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.    The Landlord owns the real property located at 23 N. Orange Blossom Trail, Orlando, Florida 32805 (the "Premises").

4.    The Debtor, as tenant, leases the Premises from Landlord pursuant to the terms of that certain Lease dated September 27, 2019 (the "Lease"), which Lease requires the Debtor to pay rent timely and cure any defaulted rent obligations.  The Lease is attached as Exhibit "A" to Landlord's Proof of Claim (Claim #16-1) and is incorporated into this Motion by reference.

5.    Pursuant to the Lease, the Debtor is obligated to pay monthly rent to Landlord of $7,000.00 per month for the first five (5) years with a 3% increase per year for years six (6) through ten (10) for the Premises (the "Rent"), applicable sales tax, and additional pass-through costs for property taxes and insurance (together the "NNN Expenses" and collectively referred to with the Rent and other monetary obligations under the Lease as the "Lease Obligations").  The Rent and NNN Expenses are due on the first of each month without demand.

6.    The Lease was in default when the case was filed with the Debtor owing Rent and NNN Expense payments due for June, July, August, and September 2023, along with a remaining balance for unpaid Rent and NNN Expenses for the 2021-2022 timeframe.

7.    The Debtor remains in possession of the Premises but has failed to pay its post-petition Lease Obligations since the filing of its bankruptcy petition, including Rent and NNN Expenses for October, November and December of 2023, and January and February of 2024.  In addition, the Debtor owes the Landlord post-petition late fees, interest, legal fees and costs.

**RELIEF REQUESTED**

8. By this Motion, Landlord seeks relief from stay under 11 U.S.C. § 362(d)(1), for cause, in order to set off its security deposit against the Debtor's unpaid Lease Obligations and to recover possession of the Premises. Landlord further requests an order finding that the Lease is deemed rejected under 11 U.S.C. § 365(d)(4)(A) and compelling the Debtor to immediately surrender the Premises to Landlord.

**BASIS FOR RELIEF**

9. Section 362(d) provides in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, including lack of adequate protection of an interest in property of such party in interest…

In this case, cause exists because the Debtor has failed to make post-petition rental payments required under 11 U.S.C. § 365(d)(3).

10. Pursuant to § 365(d)(3) of the Bankruptcy Code, a debtor "shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected notwithstanding 503(b)(1) of this title." Thus, a debtor is **_required_** to timely pay its rent to their landlord post-petition. *See In re Fla. Lifestyle Apparel*, 221 B.R. 897, 900 (Bankr. MD. Fla 1997) (citing *In re Telesphere Communications, Inc.*, 148 B.R. 525, 531 (Bankr. N.D. Ill. 1992). Indeed, Congress enacted § 365(d)(3) because of their "concern that lessors of nonresidential real property, in contrast to other creditors, had frequently been forced to extend credit to an estate during the time given for assumption or rejection of the lease." *Telesphere Communications*. at 529.

11. A debtor's failure to make regular post-petition rent payments to its landlord as required by 11 U.S.C. § 365(d)(3) will constitute "cause" under 11 U.S.C. § 362(d)(1). *See In re Winn-Dixie Stores, Inc.*, 345 B.R. 402, 405 (Bankr. M.D. Fla. 2006) (citing *In re Rocchio*, 125 B.R. 345 (Bankr. R.I. 1991) (finding debtors' failure [**8] to pay post-petition rent and an absence of evidence of debtors' attempt to cure the default, provide adequate protection or offer adequate assurance of future performance as "cause" per § 362(d)(1) to lift the automatic stay).

12. Here, the Debtor has failed to pay its post-petition Lease obligations, notwithstanding the plain language of § 365(d)(3). Accordingly, relief from stay should be granted to allow Landlord to set off its security deposit and to recover possession of the Premises.

13. Under 11 U.S.C. § 365(d)(4)(A), the Debtor had a limited period of time to cure the defaults and assume the Lease. The initial deadline to cure and assume the Lease was January 30, 2024 (120 days after the Petition Date). No extension for the deadline to cure the defaults and assume the Lease was sought by the Debtor.

14. On November 3, 2023, the Debtor filed a Motion to Assume its unexpired non-residential real property lease pursuant to 11 U.S.C. §§ 105(a) & 365, and Rule 6006 of the Federal Rules of Bankruptcy Procedure (Doc. No. 39) (the "Motion to Assume"). However, on December 13, 2023, the Debtor withdrew their Motion to Assume by filing its Notice of Withdrawal of *Motion to Assume Unexpired Non-Residential Lease with Fayge S. Cohen* (Doc. No. 57).

15. The Motion to Assume initially attempted to cure and provide Landlord with adequate assurance on terms then agreeable to the Landlord. However, the Debtor did not make even the first payment. The Debtor's subsequent withdrawal of the Motion to Assume was a clear demonstration its inability to cure and assume the Lease. Since the withdrawal of the Debtor's Motion to Assume, timeframe for the Debtor to assume or reject has passed. In the meantime, the

Debtor has failed to cure their post-petition obligations or provide any assurance to Landlord that the defaults would be promptly cured as required by 11 U.S.C. § 365(b)(1). Not only is the Debtor unable to cure its defaulted Lease Obligations – it cannot even timely pay its current Rent and NNN Expenses on a monthly basis. Nor has the Debtor been able to provide any assurance that the defaults would be promptly cured.

16. Section 365(d)(4) provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee **shall be deemed rejected**, and the trustee **shall immediately surrender that nonresidential real property to the lessor**, if the trustee does not assume or reject the unexpired lease by the earlier of –

(i) the date that is 120 days after the date of the order for relief; or
(ii) the date of the entry of an order confirming a plan.

(emphasis added)

17. Because the Debtor cannot meet the conditions to assume or assign the Lease, under § 365(d)(4) the Lease must be deemed rejected and the Debtor must immediately surrender the Premises to Landlord. *See*, *In re The Deli Den, LLC*, 425 B.R. 725, 726 (Bankr. S.D. Fla. 2010) (ordering the surrender of premises to lessor after rejecting the debtor's argument and finding that lease rejection does not require the lessor to pursue state law remedies).

18. Pursuant to Bankruptcy Rule 4001(c)(3), Landlord respectfully requests a waiver of the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3). The Landlord has been extremely patient to this point and any further delay would result in extreme prejudice.

WHEREFORE, Landlord respectfully requests an expedited hearing on or before February 16, 2024; and that the Court enter an Order (i) granting in rem relief from the automatic stay to allow Landlord to set off its security deposit against the Debtor's unpaid Lease Obligations and take possession of the Premises; (ii) deeming the Lease rejected and ordering the Debtor to

immediately surrender the Premises; (iii) waiving the 14-day stay imposed under Fed. R. Bankr. P. 4001(a)(3); and (iv) granting such other and further relief that is appropriate.

Dated:  February 8, 2024

Respectfully submitted,

*/s/ Paul N. Mascia*
Paul N. Mascia, Esq.
Florida Bar No. 489670
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, Florida 32801
Phone: (407) 966-2680
E-mail: pmasica@nardellalaw.com
         msayne@nardellalaw.com
         klynch@nardellalaw.com

**ATTORNEYS FOR FAYGE S. COHEN**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, a copy of foregoing was served on all filing users through the CM/ECF system.

*/s/ Paul N. Mascia*
Paul N. Mascia