**ORDERED.**

**Dated: March 04, 2024**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

**DEADWORDS BREWING COMPANY,**
**LLC,**

     Debtor.

**Case No. 6:23-bk-04117-GER**
**Chapter 11**

_____/

**AGREED ORDER GRANTING MOTION FOR RELIEF FROM STAY**
**AND MOTION FOR ORDER DEEMING UNEXPIRED LEASE REJECTED**
**AND COMPELLING IMMEDIATE TURNOVER OF PROPERTY (DOC. NO. 79)**

**THIS CASE** came before the Court upon the Motion of Fayge S. Cohen ("Cohen" or the "Landlord"), pursuant to 11 U.S.C. §§ 362(d)(1) 365(d)(4) and Fed. R. Bank. P. 6006(b) and 9014, for Relief from Stay and for Order Deeming Unexpired Lease Rejected and Compelling Immediate Turnover of Property (the "Motion") (Doc. No. 79). By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. The Court, having considered the Motion, noting the agreed order submitted by the Deadwords Brewing Company, LLC (the "Debtor") and the Landlord concerning the Motion, and otherwise being fully advised in the premises, it is

**ORDERED**:

1.      The Motion (Doc. No. 79) is **GRANTED** to the extent provided herein.

2.      The Lease entered into by and between Debtor and the Landlord is **REJECTED** as of February 28, 2024, in conformity with Section 365 of the Bankruptcy Code.[1]

3.      Notwithstanding the foregoing, pursuant to this Order the Debtor may continue to occupy the premises located at 23 N. Orange Blossom Trail, Orlando, Florida 32805 (the "Premises"), on a month-to-month basis by paying to Landlord $6,600.00 in readily available funds (a "Post-Rejection Occupancy Payment") on or before the dates of March 1, 2024, April 1, 2024 and May 1, 2024 (each a "Payment Date" and together the "Payment Dates").

4.      The Debtor is directed to surrender and turnover exclusive possession of the Premises to the Landlord with all equipment removed from the Premises, any damage occasioned by the removal repaired to the reasonable satisfaction of the Landlord and otherwise in conformity with the terms of the Lease (the "Required Turnover Condition"), on or before May 31, 2024; provided however, that if the Debtor fails to timely make any Post-Rejection Payment on or before the respective Payment Date, then the Debtor shall on or before the day after the respective Payment Date was due, surrender and turnover exclusive possession of the Premises to the Landlord in the Required Turnover Condition.

5.      Notwithstanding the potential that the Debtor may remain in possession of the Premises from the date of this Order until May 31, 2024  by timely making the Post-Rejection Payments on or before the respective Payment Date, the automatic stay is lifted as of the date of this Order to (i) enable to Landlord to market the Premises for rent or sale, (ii) enable the Landlord to show the Premises to potential tenants upon providing the Debtor with not less than 24-hour's

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

advance notice via email to Debtor's counsel, (iii) allow the Landlord to apply and pay to itself the Debtor's security deposit paid pursuant to the Lease in the amount of $7,000.00, which payment will be applied to the Debtor's post-petition rent obligations, and (iv) to enable the terms of this Order to otherwise take effect.

6.     The automatic stay with respect to the Premises shall be lifted in its entirety on June 1, 2024, or on such earlier date upon which the Landlord files an Affidavit declaring that it has not timely received a Post-Rejection Payment in conformity with the terms of this Order (a "Default Affidavit"), without the necessity of any further pleading, filing or action in the case.

7.     The Debtor consents to the issuance of a writ of possession directing either the Sheriff of Orange County, Florida, or the United States Marshals, as may be selected by the Landlord, to remove the Debtor and all other persons and personal property from the Premises and to place Landlord or her representative(s) in possession of the Premises (a "Writ of Possession") at any time on or after the earlier of (i) June 1, 2024, or (ii) the Landlord's filing of a Default Affidavit.  Further, the Debtor shall not oppose any motion or request of the Landlord for a Writ of Possession in this case or any other proceeding that is sought or filed at any time on or after the earlier of (i) June 1, 2024, or (ii) the Landlord's filing of a Default Affidavit.

8.     This Court shall retain jurisdiction to enforce the provisions of this Order and all further matters that are necessary for the full and complete adjudication of this action. Debtor reserves all rights with respect to any default asserted pursuant to the terms of this Order.

###

Attorney Paul M. Mascia is directed to serve a copy of this order to interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.