UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**DEADWORDS BREWING COMPANY, LLC,**

CASE NO. 6:23-bk-04117-GER

CHAPTER 11
*Subchapter V Election*

**Debtor.**
_____/

## STIPULATION AND MOTION FOR APPROVAL OF SECOND AGREED ORDER BETWEEN THE DEBTOR AND FAYGE S. COHEN

This stipulation (the "Stipulation") is made and entered into by and among Deadwords Brewing Company, LLC, as debtor and debtor-in-possession (the "Debtor") and its landlord, Fayge S. Cohen ("Landlord"). For purposes of this Stipulation, the Debtor and Landlord are each a "Party" and collectively, the "Parties." The Parties request entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation, and hereby stipulate and agree as follows:

## STIPULATION

1.    On March 4, 2024, the Court entered an *Agreed Order Granting Motion for Relief from Stay and Motion for Order Deeming Unexpired Lease Rejected and Compelling Immediate Turnover of Property* (Doc. No. 99) (the "Agreed Order").

2.    Due to ongoing negotiations between the Debtor and potential purchasers of its assets, the Parties have agreed to extend the Debtor's occupancy of the leased premises for an additional month to facilitate a potential sale. Accordingly, the Parties have stipulated to a Second Agreed Order, the form of which is attached hereto as **Exhibit "A"**.

53865272 v1

3.  The Parties request the Court enter the order attached hereto as Exhibit "A" which memorializes their agreement.

Respectfully submitted this 11th day of April, 2024.

| | |
|---|---|
| **LATHAM, LUNA, EDEN & BEAUDINE, LLP** | **NARDELLA & NARDELLA, PLLC** |
| */s/ Daniel A. Velasquez* | */s/ Paul Mascia* |
| **Daniel A. Velasquez, Esq.** | **Paul Mascia, Esq.** |
| Florida Bar. No. 0098158 | Florida Bar No. 489670 |
| 201 S. Orange Avenue | 135 W. Central Blvd. |
| Suite 1400 | Suite 300 |
| Orlando, Florida 32801 | Orlando, FL 32801 |
| E-mail: dvelasquez@lathamluna.com | E-mail: pmascia@nardellalaw.com |
| *Counsel for the Debtor* | *Counsel for Fayge S. Cohen* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 11, 2024, a true copy of the foregoing was filed with the Court using the CM/ECF System, which will provide notice of such filing to all parties requesting such notice.

*/s/ Daniel A. Velasquez*
Daniel A. Velasquez, Esq.

53865272 v1

# EXHIBIT A

53865272 v1

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
# www.flmb.uscourts.gov

**In re:**

**DEADWORDS BREWING COMPANY, LLC,**

     **Debtor.**

_____/

**Case No. 6:23-bk-04117-GER**
**Chapter 11**

## SECOND AGREED ORDER GRANTING MOTION FOR RELIEF FROM STAY AND MOTION FOR ORDER DEEMING UNEXPIRED LEASE REJECTED AND COMPELLING IMMEDIATE TURNOVER OF PROPERTY (DOC. NO. 79)

**THIS CASE** came before the Court upon the Motion of Fayge S. Cohen ("Cohen" or the "Landlord"), pursuant to 11 U.S.C. §§ 362(d)(1), 365(d)(4) and Fed. R. Bank. P. 6006(b) and 9014, for Relief from Stay and for Order Deeming Unexpired Lease Rejected and Compelling Immediate Turnover of Property (the "Motion") (Doc. No. 79). By submission of this second order for entry, the submitting counsel represents that the opposing party consents to its entry. The Court, having considered the Stipulation, the Motion, noting the agreed order submitted by the Deadwords Brewing Company, LLC (the "Debtor") and the Landlord concerning the Stipulation and Motion, and otherwise being fully advised in the premises, it is

    **ORDERED**:

    1.    The Stipulation is **APPROVED**.

    2.    The Motion (Doc. No. 79) is **GRANTED** to the extent provided herein.

    3.    The Lease entered into by and between Debtor and the Landlord is **REJECTED** as of February 28, 2024, in conformity with Section 365 of the Bankruptcy Code.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

53865272 v1

4. Notwithstanding the foregoing, pursuant to this Order the Debtor may continue to occupy the premises located at 23 N. Orange Blossom Trail, Orlando, Florida 32805 (the "Premises"), on a month-to-month basis by paying to Landlord $6,600.00 in readily available funds (a "Post-Rejection Occupancy Payment") on or before the dates of March 1, 2024, April 1, 2024, May 1, 2024, and June 1, 2024 (each a "Payment Date" and together the "Payment Dates").

5. The Debtor is directed to surrender and turnover exclusive possession of the Premises to the Landlord with all equipment removed from the Premises, and damage occasioned by the removal repaired to the reasonable satisfaction of the Landlord and otherwise in conformity with the terms of the Lease (the "Required Turnover Condition"), on or before June 30, 2024; provided however, that if the Debtor fails to timely make any Post-Rejection Payment on or before the respective Payment Date, then the Debtor shall on or before the day after the respective Payment Date was due, surrender and turnover exclusive possession of the Premises to the Landlord in the Required Turnover Condition.

6. Notwithstanding the potential that the Debtor may remain in possession of the Premises from the date of this Order until June 30, 2024 by timely making the Post-Rejection Payments on or before the respective Payment Date, the automatic stay is lifted as of the date of this Order to (i) enable to Landlord to market the Premises for rent or sale, (ii) enable the Landlord to show the Premises to potential tenants upon providing the Debtor with not less than 24-hour's advance notice via email to Debtor's counsel, and (iii) all the Landlord to apply and pay to itself the Debtor's security deposit paid pursuant to the Lease in the amount of $7,000.00, which payment will be applied to the Debtor's post-petition rent obligations, and (iv) to enable the terms of this Order to otherwise take effect.

7. The automatic stay with respect to the Premises shall be lifted in its entirety on July 1, 2024, or on such earlier date upon which the Landlord files an Affidavit declaring that it has not timely received a Post-Rejection Payment in conformity with the terms of this Order (a "Default Affidavit"), without the necessity of any further please, filing or action in the case.

8. The Debtor consents to the issuance of a writ of possession directing either the Sheriff of Orange County, Florida or the United States Marshals, as may be selected by the Landlord, to remove the Debtor and all other persons and personal property from the Premises and to place Landlord or her representative(s) in possession of the Premises (a "Writ of Possession") at any time on or after the earlier of (i) July 1, 2024, or (ii) Landlord's filing of a Default Affidavit. Further, the Debtor shall not oppose any motion or request of the Landlord for a Writ of Possession in this case or any other proceeding that is sought or filed at any time on or after the earlier of (i) July 1, 2024, or (ii) the Landlord's filing of a Default Affidavit.

9. This Court shall retain jurisdiction to enforce the provisions of this Order and all further matters that are necessary for the full and complete adjudication of this action. Debtor reserves all rights with respect to any default asserted pursuant to the terms of this Order.

###

Attorney Daniel A. Velasquez is directed to serve a copy of this order to interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

53865272 v1