**ORDERED.**

**Dated: May 17, 2024**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE

DEADWORDS BREWING COMPANY, LLC,

CASE NO.: 6:23-bk-04117-GER

CHAPTER 11

*Subchapter V Election*

Debtor.
_____/

**ORDER (1) CONFIRMING FINAL CHAPTER 11 SMALL BUSINESS SUBCHAPTER V PLAN OF REORGANIZATION FOR DEADWORDS BREWING COMPANY, LLC PURSUANT TO 11 U.S.C. §§ 1129(a) AND 1191(b), AND (2) SETTING FURTHER HEARING FOR JULY 11, 2024 AT 1:30 P.M.**
(Post-Confirmation Status Conference Scheduled for July 11, 2024 at 1:30 p.m.)

**THIS CASE** came before the Court for a hearing on May 15, 2024 at 1:30 p.m. (the "**Hearing**") to consider confirmation of the *Debtor's Final Chapter 11 Small Business Subchapter V Plan of Reorganization for Deadwords Brewing Company, LLC,* (the "**Plan**") (Doc. No. 144) filed by **DEADWORDS BREWING COMPANY, LLC** (the "**Debtor**"), the *Objection to Debtor's Modification to Second Subchapter V Plan for Reorganization* (Doc. No. 142) filed by Celtic Bank

(the "**Objection**"); and the Debtor's *Expedited Motion for Cramdown Pursuant to 11 U.S.C. §§ 1129(b) and 1191* (Doc. No. 147) (the "**Motion**").

On April 12, 2024, the Court entered the *Order (1) Granting Motion to Reschedule/Continue Confirmation Hearing, (2) Continuing Other Hearings, and (3) Setting Deadline to File Amended Plan* (Doc. No. 127), which Order also (by implied reference to the established confirmation hearing date) set compensation and administrative claim hearing procedures, fixed a deadline of May 8, 2024[1] (the "**Objection Deadline**") for filing objections to confirmation and ballots accepting or rejecting the Plan, and deadlines for the Debtor to submit its confirmation affidavit and ballot tabulation.

Prior to the Hearing, Debtor filed its proposed *Exhibit List with attached Exhibits* in support of confirmation (Doc. No. 151) (the "**Exhibits**"), which Exhibits included:

- Exhibit 1 – *Final Subchapter V Plan of Reorganization*
- Exhibit 2 – *Liquidation Analysis*
- Exhibit 3 – *Ballot Tabulation*
- Exhibit 4 – *Confirmation Affidavit*
- Exhibit 5 – *Trust Statement ($28,000.00)*

At the Hearing, the Court admitted each of the Exhibits without objection. Also, during the Hearing, Debtor's counsel proffered the testimony of the Debtor's Managing Member, James D. Satterfield, in support of confirmation of the Plan without objection, which testimony adopted and was consistent with the statements set forth in the Confirmation Affidavit (Exhibit 4) admitted into evidence. Debtor's counsel also announces a series of agreements reached with respect to the Allowed Administrative Expense Claims of: (i) Fayge Cohen; (ii) Latham Luna Eden & Beaudine, LLP; and

---

[1] Based on the deadline extensions set forth in Doc. No. 127.

(iii) New Mill Capital, the terms of which are acknowledged and incorporated into the Plan by reference to Exhibit "1" below.

Also at the Hearing, Debtor's counsel announced a modification (the "**Modification**") to Article IV, Subsection B(1) of the Plan addressing Allowed Priority Tax Claims Against Deadwords Brewing Company, LLC, which Modification was accepted, adopted into, and acknowledged as enforceable provisions of the Plan as follows:[2]

    B.    <u>Priority Claims Against Deadwords Brewing Company, LLC</u>.

    1.    <u>Allowed Priority Tax Claims Against Deadwords Brewing Company, LLC.</u>

Except to the extent that the Holder and the Debtor have agreed or may agree to different treatment, in full satisfaction of each Priority Tax Claim, each Holder of an Allowed Priority Tax Claim shall receive, in full satisfaction of such Claim, payment(s) equal to the Allowed Amount of such Claim over a period extending not later than 5 years after the Petition Date. Payment on account of Allowed Priority Tax Claims will commence on the later of the Effective Date or on such dates as a respective Priority Claim becomes Allowed. The filed amount of Priority Tax Claims currently include: (i) a $35,843.57 claim (Claim #18-1) filed by the Florida Department of Revenue; and (ii) a $33,519.64 claim (Claim #12-1) filed by the Internal Revenue Service.

Upon review and consideration of the Plan, the Modification, the Exhibits, the proffered testimony, the presentation and statements of counsel present at the Hearing, and for the reasons stated orally and recorded in open court, the Court finds and determines that the requirements of 11 U.S.C. §§ 1129(a), (b) and 1191(b) of the Bankruptcy Code have been satisfied.

Accordingly, it is **ORDERED** as follows:

---

[2] Any reference herein to the "Plan," refers to the Plan with the incorporated Modification.

1.	The Final Plan (Doc. No. 144) is **CONFIRMED** pursuant to 11 U.S.C. §§ 1129 and 1191(b). If there is a discrepancy between the Plan and this Order, this Order controls.

2.	The Motion is **GRANTED** and the Objection is **OVERRULED**.

3.	The Debtor is authorized and directed to execute all agreements and undertake the actions contemplated by the Plan, which actions include the sale of substantially all of its assets to Ivanhoe Park Brewing Co. ("Ivanhoe"), which the Court finds is a reasonable and appropriate use of the Debtor's business judgment under the circumstances of this case. Pursuant to 11 U.S.C. § 1194 all payments and distributions of sale proceeds required under the Plan shall be made by the Debtor.[3]

4.	The Debtor will file a Notice of Closing within 7 days after the closing of the sale and will include the Asset Purchase Agreement and/or Bill of Sale.

5.	In connection with the undertaking of all actions contemplated by the Plan, all state and Federal licensing agencies shall not impair Debtor's ability to effectuate a transfer of all applicable licenses and certificates as contemplated by the Plan and the Asset Purchase Agreement executed by the Debtor and Ivanhoe.

6.	**Any counterparty to an executory contract or unexpired lease, which was not assumed, is directed to file any claim for rejection damages within thirty (30) days from the entry of this Order.**

7.	The terms of the (i) Agreed Order Granting Motion for Relief for Stay and Motion for Order Deeming Unexpired Lease Rejected and Compelling Immediate Turnover of Property (Doc. No. 79) (the "Turnover Order"), and (ii) Agreed Order Approving Application of Fayge S. Cohen for Allowance and Payment of Administrative Rent Expense Claim Pursuant to 11 U.S.C.

---

[3] Pursuant to Local Rule 3020-1(c)(1) – a schedule summarizing the timing and amount of payments to be made to each class of creditors entitled to receive distributions under the Plan is attached hereto as **Exhibit "1"**.

§§ 503 and 365 (Doc. No. 105) (the "Rent Order" and together with the Turnover Order referred to as the "Landlord Orders") are both incorporated by reference herein.

8. **Debtor shall file all objections to claims within sixty (60) days after the Effective Date of the Plan; provided, however, the Debtor may seek any extension of this deadline for cause shown.**

9. In the event the Debtor is unable to comply with the provisions of Local Rule 3022-1, the Debtor shall file a report within ninety (90) days from the date of this Order of Confirmation, setting the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Debtor has substantially complied with the provisions of the confirmed Plan.

10. The Debtor's case will remain open until entry of a final decree. While the case remains open, and in accordance with the terms of the Plan, Debtor will file quarterly post-confirmation operating reports with attached bank statements. The Debtor's obligation to file quarterly post-confirmation operating reports terminates upon the entry of a Final Decree.

11. The Debtor will provide annual tax returns to the Subchapter V Trustee within 14 days after filing with the Internal Revenue Service and will timely provide any additional documentation requested by the Subchapter V Trustee.

12. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan (including, without limitation, actions as to those matters contemplated by the Plan) and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and

determine all questions concerning the transfer of assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; to hear and determine any matter concerning enforcement or interpretation of the Plan; and determine all matters of any nature or type necessary or appropriate to carry out the Plan, including without limitation the Landlord Orders. To the extent necessary, the Reorganized Debtor shall cooperate and provide the Subchapter V Trustee the information necessary to ensure the plan is being complied with.

13. **A Post-Confirmation Status Conference has been scheduled before the Honorable Grace E. Robson for July 11, 2024 at 1:30 p.m. at the George C. Young United States Courthouse, 400 West Washington Street, Courtroom 6D, 6th Floor, Orlando, Florida 32801**.

###

Attorney Daniel A. Velasquez is directed to serve a copy of this order on all interested parties and file a proof of service within three (3) days of entry of the order.

# EXHIBIT 1

Approximate Sale Proceed Distribution Schedule

| | |
|---|---|
| Class 1 (Celtic Bank) | $85,000.00 |
| Class 1 (a) (Orange County Tax Collector) | $5,127.57 |
| Class 1(b) (Orange County Tax Collector) | $5,127.57 |
| Class 2 (Toyota Finance) | $0.00 |
| Class 3 (eLease Funding) | $43,991.06 |
| Class 4 | $2,406.57 |
| Administrative Claims | Fayge Cohen: $67,003.00<br>Latham Luna Eden & Beaudine: $20,000.00<br>New Mill Capital: $23,364.00 |
| Florida Department of Revenue | $27,980.23 |
| Quarterly Trustee Fees | N/A |